820 F.2d 1224
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lois A. HOTTENROTH, Plaintiff-Appellant,
v.
CEDAR POINT, INC., Defendant-Appellee.
 No. 86-3638.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1987.
 
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff Lois A. Hottenroth (the plaintiff) appealed the district court's judgment after a bench trial in favor of the defendant employer Cedar Point, Inc. (the defendant or Cedar Point) in this Title VII sex discrimination action.
 
 
 2
 The plaintiff alleged in her complaint that, upon her disclosure to Cedar Point management that she had purportedly engaged in an affair with her supervisor, Cedar Point requested her resignation, which she subsequently tendered, but took no action against the supervisor in question, and that Cedar Point failed to conduct an adequate investigation into the facts surrounding the alleged affair. The district court conducted a bench trial on the plaintiff's claims and decided in favor of the defendant employer, concluding: that the plaintiff had failed to prove by a preponderance of the evidence that the alleged affair had in fact occurred; that the employer was not under a duty to investigate the details of the plaintiff's charges concerning her relationship with her supervisor, which according to her had concluded approximately a year earlier and which had not involved any charge of sexual harassment; and that in any case the plaintiff's allegations of the prior affair had not furnished the basis for and had no causal connection to management's decision to request her resignation, which action had instead been premised upon the plaintiff's hostile work attitude.
 
 
 3
 On appeal, this court is of the opinion that the district court's disposition of the plaintiff's claims was not clearly erroneous. Although the testimony was conflicting, there was sufficient evidence in the record that supported the district court's factual findings as well as its attendant conclusions of law, especially since the trial court assigned greater credibility to defendant's witnesses than to the testimony offered by the plaintiff and her witnesses. Additionally, the record did not reflect that the district court abused its discretion in its evidentiary rulings as challenged on appeal and no substantial prejudice to the plaintiff was demonstrated. Accordingly, having examined the record on appeal in its entirety and having considered the briefs and arguments of the parties, and for the reasons articulated in the memorandum opinion of the district judge, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Hon. Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation